**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL SICKLES,** | : |
| Plaintiff | : |
| | :    **CIVIL ACTION NO. 3:13-1925** |
| v. | : |
| | :       **(Mannion, D.J.)** |
| **CAROLYN W. COLVIN,** | :       **(Schwab, M.J.)** |
| Defendant | : |

**M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Schwab, (Doc. 14), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be remanded to the Administrative Law Judge ("ALJ"). Judge Schwab reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") Supplemental Security Income ("SSI") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. Plaintiff did not file objections to the report. Defendant waived its opportunity to object to the report. (Doc. 15).

**I.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

II.   **DISCUSSION**

As set forth more fully in Judge Schwab's report, plaintiff Michael Sickles applied for DIB alleging serious bilateral shoulder injuries which

required two surgeries on his left shoulder and continued treatment with pain medication. A hearing was held before an administrative law judge ("ALJ"). Plaintiff and a vocational expert ('VE") testified at the hearing. The ALJ determined that plaintiff was not disabled within the meaning of the Act, and that while plaintiff had severe impairments which prevented him from doing his previous work as an ironworker, he maintains the residual functional capacity ("RFC") to do light unskilled work, to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand, walk, and sit six hours each in an eight-hour day, and to occasionally bend, balance, stoop, kneel, crouch, crawl and climb, but not to use ladders, ropes, or scaffolds.

As Judge Schwab's report explains, when reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Judge Schwab's report also details the five-step process that is required to determine if an applicant is disabled under the Act. The Commissioner

must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past relevant work, and; (5) whether the applicant's impairment prevents the applicant from doing any other work. 20 C.F.R. §§404.1520, 416.920.

Here plaintiff's sole contention in his appeal is that the ALJ erred in making his determination of plaintiff's RFC by failing to conclude that plaintiff had limitations in reaching and handling with his upper extremities. The ALJ gave significant weight to the opinion of Dr. Sethuraman Muthiah, a state agency medical consultant. (Doc. 8-2, at 16). Dr. Muthiah found that plaintiff had "limitation in reaching and handling in the left upper extremity and to some extent in the right upper extremity." (Doc. 8-7, at 55). However, as Judge Schwab notes, while the ALJ does point out that Muthiah indicated that there was a limitation in that area, the ALJ does not analyze that finding or find that plaintiff is limited in that area of functioning.  While the ALJ did ask the VE about the effect it would have on plaintiff's ability to work if plaintiff could only do occasional "overhead reaching," (Doc. 8-2, at 60), he did not ask the VE any other questions addressing the limitations that Dr. Muthiah found in reaching and handling.

As the report indicates, reaching and handling are both considered basic work activities. *See* 20 C.F.R. §404.1521(b)(1). The ALJ's failure to

elicit information about reaching and handling from plaintiff and from the ALJ, as well as to address Dr. Muthiah's finding regarding reaching and handling requires remand for the ALJ to address this issue consistent with the report and recommendation, in light of the rule that an ALJ "is required to state the reasons for his decision to ensure meaningful judicial review." Irizarry v. Barnhart, 233 F.App'x 198, 192 (3d Cir. 2007)(*citing* Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)).

Accordingly, the report and recommendation of Judge Schwab, (Doc. 14), is **ADOPTED IN FULL**. The case is remanded to the ALJ for further proceedings consistent with this memorandum and Judge Schwab's report. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 15, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1925-01.wpd